IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,130-01 through 07




EX PARTE MARCUS ANTRAY THOMAS, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. W06-65061-R, W06-65539-R, W06-65970-R, W06-73553-R, W06-73554-R, W06-87892-R, W0665062-R IN THE 265th DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted four times of
possession of a controlled substance with intent to deliver, once of possession of a controlled
substance, and twice of delivery of a controlled substance and sentenced to ten years’ imprisonment
in each cause. 
            Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal. Specifically, the Applicant alleges that counsel advised the trial
court that he intended to appeal Applicant’s convictions, but then he abandoned any appeals without
advising the Applicant. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant’s claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant was denied his right to 
meaningful appeals because Applicant’s counsel failed to timely file notices of appeal. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: August 25, 2010
Do not publish